MRS. VADA SKIPPER ET AL v. TOM HOSKINS

5-4950                                    444 S. W. 2d 875

Opinion delivered September 29, 1969

*E. J. Ball, James W. Gallman* and *John Lineberger,* for appellants.

No brief for appellee.

LYLE BROWN, Justice. The trial court awarded plaintiff-appellee a money judgment for clearing operations on land belonging to appellant Vada Skipper. A lien was imposed on the lands for the judgment on the theory that, although Mrs. Skipper did not agree to pay for the work, she permitted it to be done. The court awarded a personal judgment against Mrs. Skipper's tenants, appellants Ed Flemming and wife, finding that the tenants personally contracted for the labor. Mrs. Skipper asserts error in the fixing of the lien, contending that the clearing of brush and trees does not bring the contractor within the mechanics' and materialmen's lien statute. The Flemmings challenge the personal judgment on the grounds that the work was done in a shoddy manner, that it was abandoned before completion, and therefore was of no benefit to them.

Mrs. Skipper is correct in asserting that the law gives no lien to the dozer contractor, Hoskins. We so held in a recent case concerning identical work by a contractor. *Lambert* v. *Newman,* 245 Ark. 125, 431 S. W. 2d 480. There we said the work constituted improvements *to* lands, rather than *upon* lands, and therefore did not come within the lien statute, Ark. Stat. Ann. § 51-601 (1947).[1]

This brings us to the only other point in the case, that is, whether the Flemmings are liable. Mrs. Skipper owned sixty-eight acres in Washington County on which were located two homes. She resided in one of them and her daughter, Mrs. Flemming, her husband and four children, lived in the other. It is not disputed that the

---

[1]Section 51-601 was amended by Act 122 of 1969. The stated purpose of the amendment was to make improvements *to* land lienable. The decision in *Lambert* was controlling at the time of this litigation.

Flemmings fairly treated forty acres of the land as their own and with the approval of Mrs. Skipper. Hoskins contended that he agreed to clear that forty acres for $12.50 per acre, to be paid in installments by the three appellants; that appellants paid nothing after some fifteen acres had been cleared; and that because of the delinquency appellee withdrew from the job. Appellants asserted that Mrs. Skipper merely gave her consent for the work to be done and specified that she would not be responsible for the cost; that the Flemmings complained all during the progress of the work that it was unsatisfactory; that the first payment was not due until completion of the project; and that Hoskins abandoned the job without just cause, leaving the property in such condition as to cause the improvements by Hoskins to be of no benefit to them.

The court found that Hoskins had performed seventy-five hours of work for a total of $937.50; however, a penalty was imposed on Hoskins for items of inferior work in the amount of $150; and judgment was entered for the difference. The court considered the Flemmings' allegation that the work was of no benefit. We perceive that the contention, under disputed facts, was found to be without merit; otherwise, the court would not have held the Flemmings liable for the work performed. We cannot say the findings of the chancellor were against the preponderance of the evidence.

The judgment is reversed with respect to the lien and is affirmed as regards the personal judgment against the Flemmings for $787.50.